```
                                United States Bankruptcy Court
                                      District of Oregon

In re:                                                              Case No. 17-30928-dwh
Sean Daniel Schrader                                                Chapter 13
        Debtor                      CERTIFICATE OF NOTICE

District/off: 0979-3          User: Admin.              Page 1 of 1            Date Rcvd: May 04, 2017
                              Form ID: pdf018           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 06, 2017.
db          +Sean Daniel Schrader,    1845 SE Alder St.,    Hillsboro, OR 97123-4928
cr          +Christine Elston,    10916 Mundy Loss Rd.,    Buckley, WA 98321,    UNITED STATES 98321-9471
cr          +Vincent Wurster,    10916 Mundy Loss Rd.,    Buckley, WA 98321,    UNITED STATES 98321-9471
101412906   +Christine Elston,    10916 Mundy Loss Rd.,    Buckley, WA 98321-9471
101412907   +Felicia Lee Schrader,    1845 SE Alder St.,   Hillsboro, OR 97123-4928
101412909   +Internal Revenue Service,    Billy J. Williams,    US District Attorney of Oregon,
              1000 SW 3rd Avenue, #600,    Portland, OR 97204-2936
101412911   +Mesa Clinical Labs,    PO Box 1517,    Pendleton, OR 97801-0410
101412912   +Mr. Eric Helmy,    c/o NW Business Law LLC,    777 NW Wall St. #302,    Bend, OR 97703-2760
101412913    NW Acute Care Specialists,    PO Box 4979,    Portland, OR 97208-4979
101413703   +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
101412915   +Vincent Wurster,    10916 Mundy Loss Rd.,    Buckley, WA 98321-9471

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
101412905       E-mail/PDF: gecsedi@recoverycorp.com May 05 2017 00:19:28      Care Credit,   c/o Synchrony Bank,
                 PO Box 965035,    Orlando, FL 32896-5035
101412908      +E-mail/Text: cio.bncmail@irs.gov May 05 2017 00:23:10      Internal Revenue Service,
                 Caroline D. Cirolo,    US Attorney General,    950 Pennsylvania Ave. NW,
                 Washington, DC 20530-0009
101416794       E-mail/Text: bankruptcy.revenue@oregon.gov May 05 2017 00:22:59       ODR Bkcy,
                 955 Center St NE,    Salem OR 97301-2555
101412901       E-mail/Text: bankruptcy.revenue@oregon.gov May 05 2017 00:22:59
                 Oregon Department of Revenue,    Attn: Bankruptcy Unit,    955 Center St NE #353,
                 Salem, OR 97301-2555
101412914       E-mail/Text: bankruptcynotifications@unitusccu.com May 05 2017 00:23:02
                 Unitus Community Credit Union,    c/o Steven Stapp, Pres./CEO,    1300 SW 6th Ave.,
                 Portland, OR 97201
                                                                                              TOTAL: 5

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
101412902*   ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                PHILADELPHIA PA 19101-7346
              (address filed with court:   Internal Revenue Service,    Special Procedures M/S 0240,
                1220 SW Third Ave., Ste G-044,    Portland, OR 97204-2871)
101412903*   ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                PHILADELPHIA PA 19101-7346
              (address filed with court:   Internal Revenue Service,    Special Procedures M/S 0240,
                1220 SW Third Ave., Ste G-044,    Portland, OR 97204-2871)
101412910*    +Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
101412904    ##+Balanced Healthcare Receivables,    141 Burke St.,    Nashua, NH 03060-4757
                                                                                  TOTALS: 0, * 4, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 4, 2017 at the address(es) listed below:
NONE.                                                                                  TOTAL: 0

DISTRICT OF OREGON
**F I L E D**
May 04, 2017
Clerk, U.S. Bankruptcy Court

Below is an Order of the Court.

*David W. Hercher*
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**Sean Daniel Schrader**

Debtor(s)

Case No. **17-30928-dwh13**

CONFIRMATION HEARING DATE ___5/4/17___

**ORDER CONFIRMING PLAN
AND RESOLVING MOTIONS**

The debtor's plan having been provided to creditors and the Court having found that it complies with 11 USC §1325, now, therefore IT IS ORDERED:

1. The debtor's plan dated ___3/16/17___, as modified by any amendment shown in ¶11, is confirmed.

2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by the debtor in the most recently filed Schedule I. Except for those amounts listed in the schedules, the debtor shall report immediately to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including, but not limited to, bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee, with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition tax and/or domestic support obligations may constitute cause for dismissal of the debtor's Chapter 13 case under 11 USC §1307(c).

[**Note**: Printed text may not be stricken]

4. ☐ (a) Per the filed *Application for Compensation* (LBF #1305), compensation to debtor's counsel of $_____ is approved.
   ☒ (b) If Schedule 2(b) was selected, and the fees and expenses as certified at the end of this document are less than those estimated on the filed *Application for Compensation* (LBF #1305), fees and expenses in the amount of $**3,159.01** are approved.
   A total of $**1,710.00** has been paid, leaving $**1,449.01** to be paid as funds become available per ¶2(b)(4) of the plan.

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in ¶11 below, only if a valuation motion(s) was included in the plan and served as required under FRBP 7004, or the allowed amount of the secured claim was fixed by consent of the concerned secured creditor. In all other circumstances, the value of such collateral, if contested, shall be established through the claims process or otherwise, as provided in title 11 or the FRBP. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in ¶11 below. The name and service address for each creditor affected by this paragraph are [**Note**: List alphabetically and only one creditor per line]:
**None**

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. (a) Pursuant to 11 USC §522(f)(1)(A) the court hereby avoids the following judicial liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:
**None**

   (b) Pursuant to 11 USC §522(f)(1)(B) the court hereby avoids the following non-purchase money liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:
**None**

8. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

9. All payments under the confirmed plan shall be paid no later than 5 years after the date the first payment was due under 11 USC §1326(a)(1). If all payments are not completed by that date, the case may be dismissed.

10. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

[**Note**: Printed text may not be stricken]

11. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶5]:
¶7 Strike "60" from the blank.

12. Creditors with prepetition claims excepted from the debtor(s)' discharge are enjoined from initiating any collection actions against the debtor(s) until this case is closed, dismissed, or converted to another chapter under title 11, unless they obtain relief from this order.

13. The terms of this order are subject to any objection filed within 15 days by [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶¶ 5, 7 or 11]:
None

14. The trustee is authorized to commence disbursements in accordance with the plan.

15. In the event this case is converted to Chapter 7, and the Chapter 13 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the Chapter 13 trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, 10 days after the first scheduled §341(a) meeting in the Chapter 7 case unless, prior to that date, the Chapter 7 trustee files and serves a written objection pursuant to 11 USC §348(f)(2). In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the Chapter 13 trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

16. All mortgage creditors are granted relief from the automatic stay and co-debtor stay to negotiate with the debtor and co-debtor regarding modification of the underlying loan agreements, providing that any modification must receive the written consent of the trustee or be approved by order of the Court in order to become effective. Negotiations with represented debtors must be with debtor's counsel who may consent to the creditor communicating directly with the debtor.

###

*I certify that on  4/25/17  I served this Order on the trustee for submission to the court.*

[To be completed if debtor's attorney elected to be paid per Schedule 2(b) on LBF #1305.] *I further certify under penalty of perjury that, through  4/25/17  [date], I have incurred hourly fees of $ 3,150.00 , and expenses of $ 9.01 , for a total of $ 3,159.01 . A total of $ 1,710.00  has been paid to me for the fees and expenses, leaving $ 1,449.01  to be paid through the plan. I have contemporaneous time and expense records and will provide an itemization of my fees and expenses to the Court or any party in interest in this case upon request.*

Approved: _____
Trustee

/s/ Laura L. Donaldson
*Debtor or Debtor's Attorney*

[**Note**: Printed text may not be stricken.]